UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY UPCHURCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-551 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Nature of the Case

1. This case is brought by plaintiff for race discrimination and retaliation pursuant to the Civil Rights Act of 1964 as amended, Title 42, United States Code, Section 2000e and related sections, and pursuant to the Civil Rights Act of 1991, Title 42, United States Code, Section 1981a, and related sections.

### Jurisdiction and Venue

2. This court has jurisdiction over the case pursuant to the Civil Rights Act, Title 42, United States Code, Section 2000e-5, pursuant to federal question jurisdiction, Title 28, United States Code, Section 1331, and pursuant to civil rights jurisdiction, Title 28, United States Code, Section 1343 (3) and (4).

3. Venue for this case lies with this court pursuant to Title 28, United States Code, Section 1391 for the reason that the Southern District of Indiana is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred and in which the Defendant maintains its principal place of business.

## Parties

4. Plaintiff Timothy Upchurch (Upchurch) was at all times mentioned in this complaint over 40 years of age and an African-American male citizen of the United States of America and the State of Indiana and a resident of the Southern District of Indiana.

5. Defendant State of Indiana (State) is a governmental organization doing business in the Southern District of Indiana through the Indiana Department of Correction (DOC) at the Correctional Industrial Facility (CIF) in Pendleton, Indiana, and other locations, and the Defendant maintains its principal place of business at 302 West Washington Street, Suite E334, Indianapolis, Indiana.

## Facts

6. In about 1994, Mr. Upchurch began working for the State as a Correctional Officer at the CIF.

7. Mr. Upchurch had good work performance.

8. In about 2007, Mr. Upchurch was promoted to Sergeant.

9. In 2015, Mr. Upchurch was promoted to Lieutenant.

10. In May 2016, Mr. Upchurch received the award of Supervisor of the Year.

11. In about April 2018, Mr. Upchurch applied for the position of Captain, but he was not selected for the promotion.

12. Instead, a younger white employee from outside the CIF, Paul Parrow, was promoted to the CIF Captain position.

13. Mr. Upchurch was told to train the younger white employee for the Captain position to which Mr. Upchurch was not selected.

14. Mr. Upchurch complained about the discrimination.

15. Mr. Upchurch also complained that the CIF was not hiring and promoting enough African-Americans to the management positions.

16. CIF has not had a black employee above the position of Lieutenant for several years.

17. Mr. Upchurch continued to complain about the race discrimination from April 2018 to the present.

18. CIF did not take any corrective action to hire or promote African-Americans to management positions above Lieutenant.

19. Instead, on January 3, 2019, Warden Wendy Knight demoted Mr. Upchurch from Lieutenant to Correctional Officer.

20. The Warden did not give Mr. Upchurch notice of the allegations against him, did not give him an opportunity to respond to the allegations, did not give him an opportunity to have a fellow employee present, and did not give him progressive discipline, which opportunities had been given to white employees.

21. In about 2018, a younger white employee, Officer Colin White, had taken unauthorized leave on several occasions, and he was not eligible to transfer by DOC practice.

22. Officer White was trying to find a way to transfer to the Indiana Youth Center (IYC) in Plainfield, Indiana.

23. On about November 11, 2018, Officer White complained that Officer David Myers had been away from his shift for two hours.

24. Officer Upchurch had told Officer Myers that he could leave for a haircut and shoe shine after relief staff was sent to his housing unit.

25. Later, Officer Myers asked Captain Parrow if he could order pizza, and Captain Parrow told Myers that Myers could.

26. Captain Parrow and Lieutenant Upchurch pitched in to share the pizza, Officer Myers went to get the pizza from the delivery man, and Myers returned to the Shift Office where Captain Parrow and Lieutenant Upchurch were.

27. Captain Parrow and Lieutenant Upchurch took some pizza and Officer Myers took the rest and left.

28. After that, Officer White complained that Officer Myers had been away from the unit for over two hours.

29. Lieutenant Upchurch told Officer White that relief staff were on the unit and that Upchurch would try to find Officer Myers.

30. About ten minutes later, Officer White again called the Shift Office and said that Officer Myers still had not returned to the unit.

31. Lieutenant Upchurch called Officer Myers and told him to report to his unit.

32. That was the last Lieutenant Upchurch heard of Officer White's complaint about Officer Myers until several weeks later.

33. On about December 10, 2018, Lieutenant Upchurch was called to the Human Resources (HR) office to speak to HR Manager Hannah Stultz about Officer Myers' actions on about November 11, 2018.

34. Lieutenant Upchurch explained what he knew of the actions of Officer Myers.

35. Manager Stultz then asked Lieutenant Upchurch if he spoke to Officer Myers in regard to Officer White saying that White had not had sex with his wife in over two years.

36. Lieutenant Upchurch told Manager Stultz that he did not have such a conversation with Officer Myers.

37. Manager Stultz concluded the conversation and said that Officer Ty Palmer may be a witness.

38. Lieutenant Upchurch told Manager Stultz that he had previously disciplined Officer Palmer approximately a year earlier for not doing conduct reports and for not doing confiscation slips on two offenders from whom he had confiscated property during one of the major shakedowns.

39. Officer White made false allegations against Lieutenant Upchurch, and then Officer White was allowed to transfer to the IYC in Plainfield, Indiana, when he was not eligible for a transfer under DOC practice because of his attendance violations.

40. The DOC gave Officer White, a younger white employee, more favorable treatment by allowing him to transfer to the IYC when he was not eligible, and by demoting Mr. Upchurch, an older African-American employee, from Lieutenant, past the position of Sergeant, and down to the position of Correctional Officer, without notice of the allegations against Upchurch, without an opportunity for Upchurch to respond to the allegations, without an employee witness present, and without progressive discipline, which opportunities had been given to white employees.

41. By doing so, the DOC again gave a white employee better treatment than the older African-American employee, after promoting a younger white employee to the position of Captain over Mr. Upchurch and after Upchurch had complained about the race discrimination.

5

42. On about January 16, 2019, Mr. Upchurch filed a civil service complaint with the DOC and complained again about the race discrimination and retaliation.

43. On about January 24, 2019, Warden Knight denied the complaint.

44. On about February 4, 2019, Mr. Upchurch filed a Step 2 civil service complaint with the State Personnel Department (SPD) complaining about discrimination and retaliation.

45. On about February 12, 2019, the SPD denied the Step 2 complaint of discrimination and retaliation.

46. On February 20, 2019, Mr. Upchurch sent an email to Deputy Warden Andrew Cole asking to have a brief conversation with him that day, and Upchurch complained to him about the demotion.

47. Deputy Warden Cole did not provide any relief, and instead, later that day, Cole gave Mr. Upchurch a written reprimand in lieu of a 1-day suspension for declining to work overtime three weeks before on January 24, 2019 when Upchurch had conflicts and the DOC had not followed the proper procedures to require him to work overtime.

48. No one, including Deputy Warden Cole, had suggested to Mr. Upchurch the written reprimand until Upchurch had complained to Cole earlier that day about the demotion.

49. On about March 5, 2019, Mr. Upchurch filed a Step 3 complaint to the State Employees' Appeals Commission (SEAC) about discrimination and retaliation.

50. In about September 2019, Mr. Upchurch learned that on March 22, 2019, the DOC terminated Colin White for false statements, fraudulently stating that he was working on numerous occasions when he was not working, and theft of time and pay from the State.

51. Even after the DOC confirmed that White was a liar and a thief, the DOC failed to correct

the discrimination against Mr. Upchurch caused by the false allegations by White.

52. Instead, on March 26, 2019, Deputy Warden Cole gave Mr. Upchurch a written reprimand in lieu of a 3-day suspension for one-half hour of unauthorized leave on March 6, 2019, which was discriminatory and retaliatory.

53. The DOC had a practice of changing one unauthorized leave per employee to authorized leave, but the DOC refused to do so for Mr. Upchurch.

54. The DOC also changed unauthorized leave to authorized leave for Colin White multiple times and allowed him to transfer and be promoted to IYC when he had even more unauthorized leave.

55. On June 5, 2019, Mr. Upchurch filed an EEOC Charge of Discrimination in Charge Number 470-2019-0271.

56. By notice dated September 10, 2019, the EEOC mailed to Mr. Upchurch a notice of right to sue within 90 days of receipt of the notice.

57. On November 21, 2019, Mr. Upchurch filed his complaint of discrimination and retaliation in the United States District Court.

58. After Mr. Upchurch filed his EEOC Charge, the DOC continued to deny Mr. Upchurch promotions to any positions, and instead, promoted several white employees, younger employees, and employees who had not complained about discrimination.

59. Mr. Upchurch has learned that after he complained about discrimination and retaliation on January 16, 2019 and made further complaints after that, the DOC denied him promotions and promoted white employees, younger employees, and employees who had not complained about discrimination, including the following employees.

60. Tim Nicholson was promoted to Lieutenant.

61. David Ridgway was promoted to Captain.

62. Garry Jones was promoted to Lieutenant.

63. Persons promoted to Sergeant at CIF include Josh Townsend, William Griffey, Scott Jackson, Amanda Coffey, Jared Raines, Andrew Wilson, Sarah Napper, and Joshua Mills.

64. Mr. Upchurch also applied for positions at the Indiana Women's Prison and was denied the positions.

65. There are promotions to other positions that have not been granted to Mr. Upchurch, and the DOC has the records of all of those denials.

66. The DOC does not always notify Mr. Upchurch when he has not been selected for positions.

67. The Defendant has suggested that when it discriminates or retaliates against an employee after the employee's first EEOC Charge, the employee should file a second EEOC Charge.

68. On October 2, 2019, Mr. Upchurch filed his second EEOC Charge of Discrimination, which is Charge Number 470-2020-00012.

69. On November 20, 2019, Mr. Upchurch was notified that he was denied promotion to Sergeant, but he was not notified of the name of the person who was promoted.

70. On November 21, 2019, Mr. Upchurch notified the EEOC of the November 20, 2019 denial of promotion.

71. By notice dated December 13, 2019, the EEOC mailed to Mr. Upchurch a notice of right

to sue within 90 days of receipt of the notice.

72. In January, February, and March 2020, the Defendant failed to promote Mr. Upchurch to multiple positions with the rank of Lieutenant and Sergeant.

73. On March 24, 2020, Mr. Upchurch filed an Amended Complaint based on the December 13, 2019 notice of right to sue.

74. The Defendant failed to correct its discrimination and retaliation, and instead, the Defendant increased its discrimination and retaliation against Mr. Upchurch.

75. The Defendant has told Mr. Upchurch that he could apply for promotions, but when Upchurch applied for promotions, the Defendant failed to interview him and failed to promote him.

76. Mr. Upchurch applied for the following positions, but the Defendant failed to interview him or hire him for the positions since his October 2, 2019 EEOC charge, which include, but are not limited to, the following:

   Sergeant, November 20, 2019
   Sergeant, February 20, 2020
   Lieutenant, February 20, 2020
   Sergeant, April 9, 2020
   Sergeant, April 25, 2020
   Lieutenant, May 3, 2020
   Lieutenant, July 1, 2020
   Captain, July 1, 2020
   Caseworker, July 4, 2020

77. There may be other positions and promotions that Mr. Upchurch has not been granted, and the DOC has a record of all of those.

78. The Defendant also continued to take increasingly discriminatory and retaliatory actions against Mr. Upchurch, including the following actions:

> Undesirable discriminatory assignments
> Denial of leave

79. In about July 2020, Mr. Upchurch complained to the DOC that he was being harassed and stressed by Captain Ridgway by Ridgway's humiliating statements to Upchurch, by Ridgway's humiliating training to Upchurch, and by other actions.

80. Mr. Upchurch complained to the DOC that he needed leave because of the harassment and stress.

81. Mr. Upchurch also complained to the DOC that he needed leave because of his medical condition and because of his need to care for his daughter.

82. The DOC denied Mr. Upchurch the leave that he requested.

83. Instead of granting Mr. Upchurch's leave request, Deputy Warden Cole gave Upchurch another reprimand in lieu of suspension.

84. On February 3, 2021, the Defendant gave Mr. Upchurch a 10-day suspension based on the false allegation of bringing a piece of chewing tobacco into the facility, when Upchurch does not use chewing tobacco, did not bring chewing tobacco into the facility, and was not asked about the matter before the facility wrote a 10-day suspension against him.

85. As a result of the actions of the State, Plaintiff Timothy Upchurch has suffered lost back pay and benefits, front pay and benefits, lost future earnings, loss of reputation, lost job opportunities, humiliation, embarrassment, inconvenience, mental anguish, emotional distress, loss of enjoyment of life, attorney fees and costs, and other damages.

86. The Defendant has claimed that an employee must file an EEOC charge covering each discrimination and retaliation before an employee can file a complaint in court on the

discrimination and retaliation.

87. On December 3, 2020, Mr. Upchurch filed an EEOC charge for the discrimination and retaliation that occurred after his previous EEOC charge.

88. By notice dated December 14, 2020, the EEOC mailed to Mr. Upchurch a notice of right to sue within 90 days of receipt of the notice.

89. All conditions precedent to this lawsuit have occurred or been performed, and Plaintiff has timely filed his complaint in court within 90 days of receipt of the notice of right to sue.

## Count 1 -- Race Discrimination

90. Plaintiff Timothy Upchurch incorporates paragraphs 1 through 89 of this complaint.

91. The Defendant State of Indiana intentionally discriminated against Mr. Upchurch with respect to his terms, conditions, and privileges of employment because of his race, African-American, which is a violation of Title 42, United States Code, Sections 1981a, 2000e-2, 2000e-5, and related sections.

WHEREFORE, Plaintiff Timothy Upchurch demands back pay and benefits, front pay and benefits, lost future earnings, compensatory damages as are reasonable in the premises, interest, injunctive relief, the costs of this action, including reasonable attorney fees, and all other just and proper relief.

## Count 2 -- Retaliation

92. Plaintiff Timothy Upchurch incorporates paragraphs 1 through 89 of this complaint.

93. The Defendant State of Indiana intentionally discriminated against Plaintiff Timothy Upchurch because he opposed and complained about race discrimination, which is a

violation of Title 42, United States Code, Sections 1981a, 2000e-3, 2000e-5, and related sections.

WHEREFORE, Plaintiff Timothy Upchurch demands back pay and benefits, front pay and benefits, lost future earnings, compensatory damages as are reasonable in the premises, interest, injunctive relief, the costs of this action, including reasonable attorney fees, and all other just and proper relief.

## **DEMAND FOR JURY TRIAL**

Plaintiff Timothy Upchurch, by counsel, demands a trial by jury for all issues in this case.

Respectfully submitted,

 s/ Richard L. Darst
Cohen Garelick & Glazier
8888 Keystone Crossing Boulevard
Suite 800
Indianapolis, Indiana   46240-4636
Telephone (317) 573-8888
Facsimile   (317) 574-3855
Email rdarst@cgglawfirm.com