UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY UPCHURCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-00551-SEB-MJD |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S STATEMENT OF CLAIMS**

Plaintiff Timothy Upchurch, by counsel, pursuant to the Case Management Plan, states her claims as follows:

Plaintiff's claims are for race discrimination and retaliation pursuant to the Civil Rights Act of 1964 as amended, Title 42, United States Code, Section 2000e and related sections, and pursuant to the Civil Rights Act of 1991, Title 42, United States Code, Section 1981a, and related sections, and for the denial of FMLA leave and retaliation pursuant to the Family and Medical Leave Act, Title 29, United States Code, Section 2601 and related sections.

Plaintiff states that the legal theories upon which the claims are based are the totality of the evidence method, using all of the evidence together, including direct and indirect circumstantial evidence, as explained in Instruction Number 1.12 of the Federal Civil Jury Instructions of the Seventh Circuit. It states as follows:

> The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

The Seventh Circuit has emphasized that after considering all of the evidence, the ultimate question is whether the Defendant would not have made the same decision if Plaintiff

1

had been outside the protected class but everything else had been the same. Seventh Circuit Instruction 3.01.

The Seventh Circuit has laid out a simple approach to proving discrimination. *Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760 (7th Cir. 2016). In *Ortiz*, the court held that "[e]vidence must be considered as a whole, rather than asking whether any particular piece of evidence proves the case by itself" whether through the direct or indirect methods. *Ortiz*, 834 F.3d 760. "Evidence is evidence . . . and are just means to consider whether one fact caused another and therefore are not 'elements' of any claim." *Id.* The legal standard is merely "whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's race, ethnicity, sex, religion, or other proscribed factor caused the discharge or other adverse employment action." *Id.*

The evidence is not divided into direct and indirect circumstantial. All evidence must be considered together to determine the issue of whether or not the prohibited factor caused the adverse employment action. *Ortiz, supra.*

Courts and juries are instructed to simply decide if the adverse action would have been taken if the prohibited factor such as a different race or other protected class was not present, but all other factors remained the same. Seventh Circuit Pattern Civil Jury Instruction Nos. 3.01, 3.02. In other words, was race, or other prohibited factor, the straw that broke the camel's back. *Burrage v. U.S.*, 571 U.S. 204, 211 (2014).

The facts of this case are clear. In about 1994, Upchurch began working for the State as a Correctional Officer at the Correctional Industrial Facility (CIF) in Pendleton, Indiana. In about 2007, he was promoted to Sergeant. In 2015, he was promoted to Lieutenant. In May 2016, he received the award of Supervisor of the Year. In about April 2018, he applied for the position of Captain, but he was not selected for the promotion. Instead, a younger white employee from

outside the facility, Paul Parrow, was promoted to the CIF Captain position. Upchurch was told to train the younger white employee for the captain position to which Upchurch was not selected. Upchurch complained about the discrimination. Upchurch also complained that the CIF was not hiring and promoting enough African Americans to the management positions. CIF has not had a black employee above the position of Lieutenant for several years. Upchurch continued to complain about the race discrimination from April 2018 to the present.

CIF did not take and corrective action to hire or promote African Americans to management positions above Lieutenant. Instead, on January 3, 2019, Warden Wendy Knight demoted Upchurch from Lieutenant to Correctional Officer. The Warden did not give Upchurch notice of the allegations against him, did not give him an opportunity to respond to the allegations, did not give him an opportunity to have a fellow employee present, and did not give him progressive discipline, which opportunities had been given to white employees.

In about 2018, a younger white employee, Officer Colin White, had taken unauthorized leave on several occasions, and he was worried that he was not eligible to transfer by CIF practice. Officer White was trying to find a way to transfer to the Indiana Youth Center (IYC) in Plainfield, Indiana. On about November 30, 2018, Officer White complained that on November 18, 2018, Officer David Myers had been away from his shift for two hours. Upchurch had told Officer Myers that he could leave for a haircut and shoeshine after relief staff was sent to his housing unit. Later, Officer Myers asked Captain Parrow if he could order pizza, and Captain Parrow told Myers that Myers could. Captain Parrow and Lieutenant Upchurch pitched in to share the pizza, Officer Myers went to get the pizza from the delivery man, and Myers returned to the Shift Office where Captain Parrow and Lieutenant Upchurch were. Captain Parrow and Lieutenant Upchurch took some pizza and Officer Myers took the rest and left.

After that, Officer White complained that Officer Myers had been away from the unit for over 2 hours. Lieutenant Upchurch told Officer White that relief staff were on the unit and that Upchurch would try to find Officer Myers. About ten minutes later, Officer White again called the Shift Office and said that Officer Myers still had not returned to the unit. Lieutenant Upchurch called Officer Myers and told him to report to his unit. That was the last that Lieutenant Upchurch heard of Officer White's complaint about Officer Myers until several weeks later.

On about December 10, 2018, Lieutenant Upchurch was called to the Human Resources office to speak to Human Resources Manager Hannah Stultz about Officer Myers' actions on November 18, 2018. Lieutenant Upchurch explained what he knew of the actions of Officer Myers. Manager Stultz then asked Lieutenant Upchurch if he spoke to Officers Myers in regard to Officer White saying that White had not had sex with his wife for over two years. Lieutenant Upchurch told Manager Stultz that he did not have such a conversation with Officer Myers. Manager Stultz concluded the conversation and said that Officer Palmer may be a witness. Lieutenant Upchurch told Manager Stultz that he had previously disciplined Officer Palmer approximately a year earlier for not doing conduct reports and for not doing confiscation slips on two offenders from whom he had confiscated property during one of the major shakedowns.

Officer White made false allegations against Lieutenant Upchurch, and then Officer White was allowed to transfer to the IYC in Plainfield, Indiana when he was worried that he was not eligible for a transfer under CIF practice because of his attendance violations. CIF gave Officer White, a younger white employee, more favorable treatment by allowing him to transfer to the IYC when he was not eligible, and by demoting Lieutenant Upchurch, an older African American employee, from Lieutenant, past the position of Sergeant, and down to the position of

Correctional Officer without notice of the allegations against Upchurch, without an opportunity for Upchurch to respond to allegations, without an employee witness present, and with progressive discipline, which opportunities had been given to white employees.

On about January 16, 2019, Upchurch filed a civil service complaint with the Defendant and complained again about the race discrimination and retaliation. On about January 24, 2019, the Warden denied the complaint.

On about February 4, 209, Upchurch filed a Step 2 civil service complaint with the State Personnel Department (SPD) complaining about discrimination and retaliation. On about February 12, 2019, the SPD denied the Step 2 complaint of discrimination and retaliation.

On February 20, 2019, Upchurch sent an email to Deputy Warden Andrew Cole asking to have a brief conversation with him that day, and Upchurch complained to him about the demotion. Deputy Warden Cole did not provide any relief, and instead, later that day, Cole gave Upchurch a written reprimand in lieu of a 1-day suspension for declining to work overtime three weeks before on January 24, 2019 when Upchurch had conflicts and CIF had not followed the proper procedures to require him to work overtime.

On about March 5, 2019, Upchurch filed a Step 3 complaint to the State Employees' Appeals Commission (SEAC) about discrimination and retaliation. On March 22, 2019, the Defendant terminated Colin White for false statements, fraudulently stating that he was working on numerous occasions when he was not working, and theft of time and pay from the State. Even after the Defendant confirmed that Officer Colin White was a liar and a thief, the Defendant failed to correct the discrimination against Upchurch caused by the false allegations by Colin White. Instead, on March 26, 2019, Deputy Warden Cole gave Upchurch a written reprimand in lieu of a 3-day suspension for one-half hour of unauthorized leave on March 6, 2019, which was

discriminatory and retaliatory. CIF also had a practice of changing one unauthorized leave per employee to authorized leave, but CIF refused to so for Upchurch. CIF changed unauthorized leave to authorized leave for Colin White multiple times and allowed him to transfer and be promoted to IYC when he had even more unauthorized leave.

On June 5, 2019, Upchurch filed an EEOC Charge of Discrimination in Charge Number 470-2019-0271. By notice dated September 10, 2019, the EEOC mailed to Upchurch a notice of right to sue within 90 days of receipt of the notice. On November 21, 2019, Upchurch filed his complaint of discrimination and retaliation in the United States District Court.

After Upchurch filed his EEOC Charge, the Defendant continued to deny Upchurch promotions to any positions, and instead, promoted several white employees, younger employees, and employees who had not complained about discrimination. Tim Nicholson was promoted to Lieutenant. David Ridgway was promoted to Captain, Garry Jones was promoted to Lieutenant. Persons promoted to Sergeant at CIF include Josh Townsend, William Griffey, Scott Jackson, Amanda Coffey, Jared Raines, Andrew Wilson, Sarah Napper, and Joshua Mills.

Upchurch also applied for positions in the Indiana Women's Prison, and he was denied the positions. There are promotions to other positions that have not been granted to Upchurch, and the Defendant has the records of all of those denials. The Defendant did not always notify Upchurch when he has not been selected for positions.

The Defendant has suggested that when it discriminates or retaliates against an employee after the employee's first EEOC Charge, the employee should file a second EEOC Charge. On October 2, 2019, Upchurch filed his second EEOC Charge of Discrimination, which is Charge Number 470-2020-00012. On November 20, 2019, Upchurch was notified that he was denied promotion to Sergeant, but he was not notified of the name of the person who was promoted. On

6

November 21, 2019, Upchurch notified the EEOC of the November 20, 2019 denial of promotion. By notice dated December 13, 2019, the EEOC mailed to Mr. Upchurch a notice of right to sue within 90 days of receipt of the notice. In January, February, and March 2020, the Defendant failed to promote Upchurch to multiple positions with the rank of Lieutenant and Sergeant. Upchurch filed his amended court complaint on March 24, 2020, within the deadline for filing an amended complaint in Case Number 1:19-4644-SEB-MPB.

The Defendant failed to correct its discrimination and retaliation, and instead, the Defendant again increased its discrimination and retaliation against Mr. Upchurch. The Defendant told Mr. Upchurch that he could apply for promotions, but when Upchurch applied for promotions, the Defendant filed to interview him and failed to promote him. Mr. Upchurch applied for positions listed in the complaints in this case and other positions known to the Defendant. The Defendant also continued to take other increasingly discriminatory and retaliatory actions against Mr. Upchurch, including undesirable assignments, harassing statements, denial of leave, and unwarranted discipline. Mr. Upchurch complained to the Defendant.

In about July 2020, Mr. Upchurch complained to the Defendant that he needed leave because of his medical condition and because of his need to care for his daughter. The Defendant denied the leave to Mr. Upchurch as sick leave, FMLA leave, discretionary leave, or any other type of leave. Instead of granting Mr. Upchurch's leave, Deputy Warden Cole gave Mr. Upchurch another reprimand in lieu of suspension for having been on leave.

On about August 13, 2020, the Defendant denied Upchurch an interview and the position of Parole Officer at the Indiana Women's Prison.

On about August 13, 2020, the Defendant denied Upchurch an interview and the position

of Parole Officer at the New Castle Facility.

The Defendant continued to deny Mr. Upchurch interviews, promotions, and positions that are shown by the Defendant's records.

The Defendant has claimed that an employee must file an EEOC charge covering each discrimination and retaliation before an employee can file a complaint in court on the discrimination and retaliation. By Notice dated December 3, 2020, Mr. Upchurch filed an EEOC charge that occurred after his previous EEOC charges. By notice dated December 14, 2020, the EEOC mailed to Mr. Upchurch a notice of right to sue within 90 days of receipt of the notice. The deadline for filing an amended complaint in Case Number 1:19-cv-04744-SEB-MPG had expired on March 24, 2020. The Defendant had argued that an amended complaint could not be filed in a case after the deadline for filing an amended complaint. Mr. Upchurch filed this second lawsuit, Case Number 1:21-cv-00551-SEB-MJD, on March 8, 2021, within 90 days of the notice of right to sue dated December 14, 2020.

In January 2021, shortly after Mr. Upchurch had filed his third EEOC charge in December 2020, he suffered a respiratory COVID 19 infection, he was placed on leave for about two weeks, and he was placed on leave for another approximately two weeks, which should have been allowed as FMLA leave, but the Defendant failed to grant him FMLA leave and failed to notify him of the FMLA leave taken and the FMLA leave remaining. Mr. Upchurch returned to work from leave on January 25, 2021.

On February 3, 2021, shortly after Mr. Upchurch filed his December 3, 2020 EEOC charge and returned from leave for a COVID 19 infection on January 25, 2021, Deputy Warden Cole discriminated against Mr. Upchurch and retaliated against him because he complained about discrimination and because he was on leave for what should have been allowed as FMLA

8

leave. Deputy Warden Cole gave Mr. Upchurch a 10-day suspension based on the his false allegation that Mr. Upchurch brought into the facility a small piece of chewing tobacco that was found on the floor on January 29, 2021, when Upchurch does not use chewing tobacco, did not bring chewing tobacco into the facility, had not been accused of any such charge before, and was not asked about the matter before Deputy Warden Cole wrote a 10-day suspension against him.

On June 15, 2021, Mr. Upchurch filed an EEOC charge for the discrimination and retaliation that occurred after his previous EEOC charges. By notice dated June 24, 2021, the EEOC mailed Mr. Upchurch a notice of right to sue within 90 days of receipt of the notice. On September 1, 2021, Mr. Upchurch filed his amended complaint in this case pursuant to the June 24, 2021 notice.

Instead of correcting the discrimination and retaliation against Mr. Upchurch, the Defendant continues to increase the discrimination and retaliation in an effort to dissuade him from pursuing his complaints of discrimination and retaliation.

As a result of the actions of the Defendant, Upchurch has suffered lost back pay and benefits, front pay and benefits, lost future earnings, loss of reputation, lost job opportunities, humiliation, embarrassment, inconvenience, mental anguish, emotional distress, loss of enjoyment of life, attorney fees and costs, and other damages.

Respectfully submitted,

 s/ Richard L. Darst
Cohen Garelick & Glazier
8888 Keystone Crossing Boulevard
Suite 800
Indianapolis, Indiana  46240-4636
Telephone (317) 573-8888
Facsimile  (317) 574-3855
Email rdarst@cgglawfirm.com