```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                         INDIANAPOLIS DIVISION
```

| | |
|---|---|
| TIMOTHY UPCHURCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-00551-SEB-MJD |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Defendant. | ) |

## ORDER GRANTING MOTION TO CONSOLIDATE

Now before the Court is Plaintiff Timothy Upchurch's Motion to Consolidate [Dkt. 48] this employment discrimination case with a similar employment discrimination case currently pending before the undersigned judge, *Upchurch v. State of Indiana*, No. 1:19-cv-04644-SEB-MG. For the reasons detailed below, we GRANT Plaintiff's motion.

In Mr. Upchurch's first complaint he alleges that his employer, Defendant State of Indiana ("the State"), discriminated against him because of his race (African-American) and retaliated against him for complaining of the discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981a, by treating similarly situated white employees more favorably in several instances and failing on a number of occasions to promote him to various positions for which he applied within the Indiana Department of Corrections. In his second complaint, Mr. Upchurch alleges that, following the filing of his initial lawsuit, the State has continued to discriminate and retaliate against him in violation of Title VII and § 1981a by denying his request for medical leave, issuing him unwarranted discipline, and failing to promote him on several

1

additional occasions.  Although the acts of discrimination and retaliation as alleged in each lawsuit are separate, both suits involve the same parties, many of the same supervisors and co-workers, and present common questions of both law and fact.  Under these circumstances, we find that the consolidation of these cases will promote judicial economy and is otherwise appropriate pursuant to Federal Rule of Civil Procedure 42(a).[1]

Accordingly, the Clerk is directed to procedurally close the cause of action in, *Upchurch v. State of Indiana*, No. 1:21-cv-00551-SEB-MJD, and consolidate it into *Upchurch v. State of Indiana*, No. 1:19-cv-04644-SEB-MG and docket this Order in both cases.  Henceforth, the parties shall refer exclusively to No. 1:19-cv-04644-SEB-MJD in their filings.

Finally, the State has requested that it be permitted to withdraw its currently pending Motion for Summary Judgment [Dkt. 52] in No. 1:19-cv-04644-SEB-MG so that a comprehensive summary judgment motion addressing all Plaintiff's claims can be filed.  Defendant's request is hereby <u>GRANTED</u>, and the Clerk is directed to show Docket No. 52 as withdrawn on that docket.  The State's pending Motion to Dismiss [Dkt. 36] in No. 1:21-cv-00551-SEB-MJD is hereby <u>DENIED</u> without prejudice to refiling, if appropriate, in the consolidated case.

IT IS SO ORDERED.

Date: 1/27/2022

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] Plaintiff is advised that he should not expect to be automatically permitted to continue consolidating any further related employment discrimination cases he may file against the State, however.

2

Distribution:

Richard L. Darst
COHEN GARELICK & GLAZIER
rdarst@cgglawfirm.com

James Alex Emerson
COOTS HENKE & WHEELER, P.C.
aemerson@chwlaw.com